## HOME INS. CO. v. FORT WORTH GRAIN & ELEVATOR CO. (Motion No. 6617.)

(Commission of Appeals of Texas, Section A. June 27, 1925.)

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

On motion for rehearing; setting aside former judgment (269 S. W. 432) and affirming judgment of Court of Civil Appeals (262 S. W. 870).

Locke & Locke, of Dallas, for plaintiff in error.

J. W. Stitt, W. D. Smith, and Capps, Cantey, Hanger & Short, all of Fort Worth, for defendant in error.

BISHOP, J. In our former opinion in this case (269 S. W. 432), we recommended that the judgments of the district court and Court of Civil Appeals be so reformed as to deny recovery for the loss of grain and feed stuff insured by the terms of the policy and allow a recovery only for the loss of machinery, which was done. This was based on our holding that there was no evidence tending to show that, at the time the adjuster assured the insured that the amount of the loss would be paid, he did not know an inventory had not been taken as provided in the record warranty clause of the policy.

In their motion for rehearing defendants in error call our attention to a paragraph in a letter written by Bates Adjustment Company, adjusters for plaintiff in error, to Leon Dragan, its state agent, as follows:

"We have not interviewed Mr. Stitt, nor investigated his books, but Mr. J. D. Buckalow, of Fort Worth, who represents some of the companies on the loss, has held a sworn examination, which he permitted us to read. It develops in this instrument that the records as provided in the policy are not complete; for instance, there has been no inventory taken of the stock on hand since 1911, and there are other violations which we believe, if properly handled, will be sufficient to defeat the assured's claim, at least, the stock item."

The sworn examination which Buckalow held was prior to his statement to Stitt that the loss would be paid, and this evidence shows that at the time he made the statement he knew that the warranty clause requiring the taking of an inventory had not been complied with. We were therefore in error in holding that there was no evidence tending to show that Buckalow knew an inventory had not been taken.

The statement of facts contains 360 pages, and this paragraph of this letter, not having been called to our attention in the briefs and argument filed on appeal, was overlooked. This evidence is not in the record in either the case of German Alliance Ins. Co. v. Fort Worth Grain & Elevator Co. (Tex. Com. App.) 269 S. W. 430, or the case of Germania Fire Ins. Co. v. Fort Worth Grain & Elevator Co. (Tex. Com. App.) 274 S. W. 123 (not yet [officially] reported), which are companion cases, and for this reason the judgment rendered here must necessarily be different from that in those cases.

We therefore recommend that the judgment reforming the judgments of the Court of Civil Appeals and the district court be set aside, and that the judgments of both courts be affirmed.

CURETON, C. J. On rehearing. All previous judgments vacated, and judgments of the Court of Civil Appeals and district court both affirmed.